IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| CYNTHIA ODOM, | ) |
| --- | --- |
| Plaintiff, | ) ) ) ) ) |
| v. | ) Civil Action No. 08-192 Erie ) |
| ERIE INSURANCE EXCHANGE, | ) ) |
| Defendant. | ) ) ) |

## OPINION

Pending before the Court is Defendant Erie Insurance Exchange's Motion to Dismiss Complaint and/or For More Definite Statement [Doc. #6] with respect to the Complaint filed against it by *pro se* Plaintiff Cynthia Odom. For the reasons set forth below, Defendant's motion is granted to the extent it seeks to dismiss Plaintiff's Complaint and is denied to the extent the motion seeks a more definite statement.

*I. Legal Analysis.*

The basis for the Defendant's motion to dismiss is that the Complaint does not comply with the pleading requirements of Rules 8, 9, and 10 of the Federal Rules of Civil Procedure. More specifically, Defendant argues:

> (a) the Complaint fails to contain any statement of the grounds for this Honorable Court's jurisdiction, as required by Rule 8(a)(1);
> (b) the Complaint fails to contain a short and plain statement of the claims showing that Odom is entitled to any relief from Erie Insurance Exchange, as required by Rule 8(a)(3);
> (c) the Complaint fails to contain a demand for the relief sought by Odom, as

1

required by Rule 8(a)(3);

(d) the Complaint fails to allege that all conditions precedent have occurred or been performed including, but not limited to, the exhaustion of Odom's administrative remedies with the Equal Employment Opportunity Commission, as required by Rule 9(c);

(e) the Complaint fails to allege the time and place of the alleged unlawful and other actions, as required by Rule 9(f); and

(f) the Complaint fails to set forth Odom's claims in numbered paragraphs, each limited as far as practicable to a single set of circumstances , as required by Rule 10(b).

Brief in Support of Defendant's Motion to Dismiss Complaint and/or For More Definite Statement ("Supporting Brief"), pp. 9-10.

***A. Defendant's Motion to Dismiss pursuant to Fed.R.Civ.P. 12(b)(6) for Failure to State a Claim Upon Which Relief Can be Granted.***

A complaint may be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Ehrheart v. Verizon Wireless, 2008 WL 4412114 at *1 n. 1 (W.D. Pa. Sept. 25, 2008), citing, Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955 (2007)). "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008), quoting, Twombly, 127 S.Ct. at 1965.

A complaint need not set forth detailed factual allegations; however, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'" Id. (citations omitted). A plaintiff must aver sufficient factual allegations in order "to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are

2

true." Id. (citations omitted). Because Plaintiff is a *pro se* litigant, his pleadings are to be "to be liberally construed." Erickson v. Pardus, --U.S.--, 127 S. Ct. 2197, 2200 (2007), quoting, Estelle v. Gamble, 429 U.S. 97, 106 (1976)). Furthermore, "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," Id.

In totality, Plaintiff's Complaint against Defendant alleges the following:

1) Sexual Harassment - Sex Discrimination
2) Harassment (class related) Race-Discrimination
3) Harassment (different treatment) Retaliation - Discrimination
Verbal Sexual Harassment by male employees and touching of my body. Racial statement were made to me, complains made to management were of no result.

Applying the above stated law to the allegations of Plaintiff's Complaint, even liberally construing the Plaintiff's pleading given her *pro se* status, the Complaint does not allege enough facts to state a claim to relief that is plausible on its face. More specifically, as argued by the defense, the Complaint fails to contain a short and plain statement of the claims showing that Odom is entitled to any relief from Erie Insurance Exchange, as required by Fed.R.Civ.P. 8(a)(3), fails to contain a demand for the relief sought by Odom, as required by Fed.R.Civ.P. 8(a)(3), assuming Plaintiff's claims are ones brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq., fails to allege that all conditions precedent have occurred or been performed including, but not limited to, the exhaustion of Odom's administrative remedies with the Equal Employment Opportunity Commission, as required by Fed.R.Civ.P. 9(c), fails to allege the time and place of the alleged unlawful and other actions, as required by Fed.R.Civ.P. 9(f), and fails to set forth Odom's claims in numbered paragraphs, each limited as far as practicable to a single set of circumstances, as required by Fed.R.Civ.P. 10(b).

Accordingly, Defendant's motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted must be granted. Said dismissal, however, is without prejudice, and Plaintiff may file an Amended Complaint that comports with the Federal Rules of Civil Procedure or before January 11, 2009.

### *B. Defendant's Motion to Dismiss Pursuant to Fed.R.Civ.P. 12(b)(1) for Lack of Subject Matter Jurisdiction.*

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) challenges the lack of subject matter jurisdiction over a plaintiff's claims. See Fed.R.Civ.P. 12(b)(1). "At issue in a Rule 12(b)(1) motion is the court's 'very power to hear the case.'" Petruska v. Gannon University, 462 F.3d 294, 302 (3d Cir. 2006), cert. den'd, 127 S.Ct. 2098 (2007), quoting, Mortenson v. First Federal Savings and Loan Association, 549 F.2d 884, 891 (3d Cir.1977). As it is the party asserting jurisdiction, the plaintiff "bears the burden of showing that its claims are properly before the district court." Development Financial Corp. v. Alpha Housing & Health Care, Inc., 54 F.3d 156, 158 (3d Cir.1995).

In reviewing a motion to dismiss pursuant to Rule 12(b)(1), the court must distinguish between facial attacks and factual attacks. Petruska, 462 F.3d at 302. A facial attack challenges the sufficiency of the pleadings, and the court must accept the plaintiff's allegations as true. Id. When a defendant attacks a complaint on its face, he "[asserts] that considering the allegations of the complaint as true, and drawing all reasonable inferences in favor of [plaintiff], the allegations of the complaint are insufficient to establish a federal cause of action." Mullen v. Thompson, 155 F.Supp.2d 448, 451 (W.D. Pa. 2001). Alternatively, when a defendant launches a factual attack on subject matter jurisdiction, "no presumptive truthfulness attaches to plaintiff's allegations, and

4

the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." Petruska, 462 F.3d at 302, quoting, Mortenson, 549 F.2d at 891. In a factual attack, the court must weigh the evidence relating to jurisdiction, with discretion to allow affidavits, documents, and even limited evidentiary hearings. U.S. ex rel. Atkinson v. PA. Shipbuilding Co., 473 F.3d 506, 514 (3d Cir.2007).

Here, the Defendant's attack on Plaintiff's Complaint is a facial attack. Therefore, we have considered the allegations in the Complaint as true, and have drawn all reasonable inferences in favor of Plaintiff. Having done so, even taking into account that Plaintiff is *pro se*, the allegations of her Complaint simply are insufficient to establish a federal cause of action over which this Court has subject matter jurisdiction. Accordingly, we lack subject matter jurisdiction over Plaintiff's Complaint and Defendant's Motion to Dismiss pursuant to Fed.R.Civ.P. 12(b)(1) must be granted. Again, however, the dismissal of Plaintiff's Complaint is without prejudice for Plaintiff to file an Amended Complaint on or before January 11, 2009, which states a claim or claims against Defendant over which this Court has subject matter jurisdiction

### C. *Defendant's Motion For More Definite Statement.*

As Plaintiff's Complaint has been dismissed for failure to state a claim upon which relief can be granted, Defendant's alternative Motion for More Definite Statement is moot, and will be denied for that reason.

### III. *Conclusion.*

An appropriate Order follows.

December 10, 2008

*Maurice B. Cohill, Jr.*
Maurice B. Cohill, Jr.
Senior District Court Judge

5